### In re STUDEBAKER CORPORATION.

### BARRY et al. v. VANCE et al.

### No. 5497.

Circuit Court of Appeals, Seventh Circuit.

Oct. 26, 1935.

Rehearing Denied Dec. 4, 1935.

Patrick J. Lucey and Gerald G. Barry, both of Chicago, Ill., for appellants.

John C. Slade, J. Sidney Condit, and Anthony L. Michel (of Winston, Strawn & Shaw), all of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

On January 28, 1935, the District Court, in a bankruptcy proceeding brought under section 77B of the Bankruptcy Act (11 USCA § 207), confirmed the debtor's plan of reorganization. 9 F. Supp. 426. On February 7, 1935, appellants petitioned the court to intervene in the cause. In this petition appellants sought a modification of the approved plan of reorganization. The proposed modification called for protection of appellants' claim for infringement of a patent by them owned. It provided for leave to institute suits against the receivers and trustees for infringement and the postponement of the determination of appellants' claim against debtor until said suits were disposed of. The petition was denied. This appeal is from the order of denial.

The court's ruling was based upon several grounds: (a) Appellants had failed to file a claim against the debtor in the time fixed by the order of the court, although aware of the pendency of the proceeding. (b) The plan of reorganization which had been approved adequately protected appellants in that it imposed upon the new company all liability for damages growing out of infringement of appellants' patent by either the receivers or the trustees. (c) The rights of other creditors would be seriously prejudiced if the plan of reorganization were now set aside or the proceedings in the District Court were postponed until appellants saw fit to bring suits to test the validity and the alleged infringement of their patent.

The facts in the case strongly support the court's ruling. Not only did the appellants fail to file a claim within the time designated,[1] but they also failed to object to the plan of reorganization until after it was approved by a large majority of

---

[1] They gave a written notice of infringement such as is required by section 49, 35 USCA, but they filed no claim.

the creditors and by the court upon full hearing. Likewise, appellants, although aware of the alleged infringement, have failed to establish the validity of their patent or its infringement, notwithstanding many years of continued infringement have elapsed.

It will be unnecessary to deal with the other grounds upon which the order is based in view of the term of the plan of reorganization which expressly provides:

"* * * All contracts, liabilities and obligations of the Receivers and Trustees, will continue as contracts, liabilities and obligations of the New Company; * * *."

The above quotation from the plan, approved by the court, protects appellants more adequately than they were entitled to, in view of their failure to file their claim against the receivers or trustees.

So far as the appellants' claim for damages arising out of infringement of their patent prior to the receivership is concerned, it is sufficient to observe that the wheels used by Studebaker Company were made by another company, a responsible company, which appellants are at liberty to sue. A decree in their favor will make complete their right to recover for the whole period during which the patent was in existence. To recover, however, they must show their patent is valid and infringed.

The decree is affirmed.